1. RECEIVERS—COMMISSIONS.
     A receiver is entitled to commissions on the amount he receives and disburses.

2. SAME—ALLOWANCE FOR COUNSEL FEES.
     One who, having notice of a reference to take proof as to value of services rendered a receiver by his attorney, and to report the value thereof, does not appear and make objection to the testimony offered, cannot, on exceptions to the referee's report, for the first time object to the allowance for services for which the estate was liable; otherwise, however, as to services for which the estate was not liable.

3. SAME—SERVICES BEFORE RECEIVERSHIP.
     Services rendered by an attorney to a corporation before appointment of a receiver is a mere debt of the corporation, and not a charge against the

property in the receiver's hands, though he becomes attorney for the receiver.

4. SAME—CRIMINAL MATTERS.
   Allowance cannot be made for services of receiver's attorney in criminal proceedings.

5. SAME—SERVICES ON ACCOUNTING.
   An allowance for services of the receiver's attorney on the accounting should not be made before rendition of the services. .
   Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from special term, New York county.
· In the matter of the final accounting of Joseph J. Little, as receiver of the Worthington Company. From an order confirming report of the referee in settling the receiver's accounts, the Waverly Company, as excepting creditor, appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Joseph A. Arnold, for appellant.
James M. Fisk, for respondent.

INGRAHAM, J. The respondent was appointed receiver of the Worthington Company in proceedings brought to dissolve the corporation, in which a final order was entered, and the respondent appointed permanent receiver. He presented his accounts to the supreme court, and an order was entered referring it to a referee to settle the accounts, and the referee was directed by the order to take proof, and report to the court the amount due counsel for services rendered by said receiver, and to ascertain, determine, and report the amount of the fees due to the said receiver for his services in the matter. Upon the reference thus ordered the receiver presented his accounts. It appeared that the total amount received by the receiver was $170,715.90, and the total disbursements were $147,037.52, which included a dividend paid to creditors of 30 per cent. There was also included as paid for legal services the sum of $11,250. No objections were filed to the accounts. Certain proceedings were had before the referee, and finally, on October 13, 1898, the receiver presented to the referee a bill for legal services rendered, in 33 separate matters, extending from January 23, 1893, to July 14, 1896, which bill aggregated $22,750, and an additional bill for services rendered after July 14, 1896, of $1,950, and the attorney claimed for services rendered or to be rendered on the final accounting $2,500. The accounts showed that $11,000 had been paid for services rendered prior to July 14, 1896, and $250 on account of services rendered after that date. At the session before the referee, when this bill was produced, there appears to have been no one present but the referee and counsel for the receiver. Evidence was taken as to the actual services rendered, and a witness was called to prove the value of such services. From the evidence, it appeared that the charges made by the attorney were reasonable, and the services rendered worth the sum charged. After this bill was presented, there seems to have been one other session of the reference. This appellant was not present at either of the sessions. He made

no objection to the bill as presented. He introduced no evidence in opposition to that introduced by the respondent. The referee filed his report, in which it is stated that there had appeared before him, on the first session of the reference, the attorney for the Waverly Company, this appellant; that the charge made by counsel for the receiver was $27,200, of which $11,250 has been paid; that "no objection has been made to this charge, and the evidence before me is that it is moderate"; and the referee allowed the bill as presented, except he reduced the charge for services upon the accounting to $1,500, and reported that the fees to be paid for all services rendered, or to be rendered, by counsel for the receiver, in addition to the sum before paid, should be $14,950. To this report the appellant filed exceptions. The exceptions were brought on to be heard at special term, when the report was confirmed, and from the order confirming this report the appellant appeals to this court.

The appellant takes no objection to the allowance by the referee of the accounts as first presented, but objects to the amount allowed to the receiver for services of counsel in addition to the amount which appeared in the account, and also objects to the allowance of the commissions to the receiver. As to the commissions, it is sufficient to say that the award was based upon the moneys that actually passed through the receiver's hands, which were collected by him, and were paid out by various orders of the court. The fact that portions of this amount were subsequently paid out to persons claiming an interest in the fund, or money in his hands in settlement of claims against him as receiver, or claims for liens upon the property of the corporation, did not prevent the receiver from being entitled to commissions upon the amount he actually received and disbursed. That he actually received and disbursed the amount upon which he was allowed commissions seems to have been conceded, and he was entitled to commissions upon the amount that he actually received and disbursed as receiver.

The question as to the amount of counsel fees allowed to the receiver presents a more serious question. Certainly, some of these charges appear large, but the only evidence before the referee was that of the receiver's counsel and Mr. Thompson, who testified that he had gone over the items of the bill of the receiver's counsel, and that the charges for services rendered were worth the amount charged. This testimony was uncontradicted. In such a case, there does not seem to be any basis upon which this court can review the finding of the referee in fixing the value of the services. It was not raised by the appellant before the referee. He had notice that, under the order of reference, proof was to be taken as to the value of the services rendered to the receiver by his attorney, and that the referee was to report the value of such services. The appellant appeared before the referee upon the first meeting, but subsequently omitted to attend, and, although the reference was formally adjourned, it appeared from the report that the appellant failed to appear, upon an adjourned day, when the question as to the value of these services was presented to the referee, and made no objection to the testimony presented or to the allowance by the referee

of the amount claimed by the receiver. This appearing on the record, it would seem to be unjust to allow the appellant upon appeal to raise a question as to the value of the services rendered, which he did not raise before the referee; for if there had been·a contest, or the attorney had notice that this appellant intended to contest this charge, additional evidence could have been presented by the receiver. So far, therefore, as the services that were· rendered by counsel to the receiver were services for which the estate was liable, it seems to me that ·we are concluded by the finding of the referee as to the value; and the appellant, not having appeared before the referee, and objected to the testimony offered, or to the amount of the charges, is precluded from raising that objection upon exceptions to the referee's report.

An examination of the charges presented· before the referee, however, discloses the fact that some of the services for which the receiver asked that his counsel be paid were not rendered to the receiver in any proceeding in which the receiver was a party, or for which the estate was liable. Thus, the first item, for which the counsel to the receiver charges $4,000, is largely made up of services rendered to the Worthington Company, the corporation that was dissolved, in the proceeding by which the company was dissolved; also interviews with the Worthington Company and others regarding compromises with creditors. These services were rendered to the Worthington Company, and were not services rendered to the receiver, or for which the fund in the hands of the receiver was primarily chargeable. Where proceedings are commenced against a corporation for a voluntary dissolution, upon the appointment of the receiver the fund received and collected by the receiver is a·trust fund for the payment of the debts of the corporation. Whatever obligation the corporation had incurred to counsel for services rendered in the proceedings prior to the appointment of a receiver was a debt of the corporation, and not a charge against the property in the hands of the receiver, and, upon no principle could the receiver be compelled to pay the expenses incurred by the corporation or its officers in the proceeding for the dissolution of the corporation. And so in regard to the various consultations with the creditors as to a settlement of their claims against the corporation. This was a matter between the corporation and the creditors, and with which the receiver had nothing to do, and services rendered in such a matter should not be a charge upon the fund in the hands of the receiver. There are some services, however, included in the charge of $4,000, which apparently would be a proper charge against the fund; but they seem to have been of comparatively little importance, and more in the nature of general interviews and consultations with the receiver, and in many cases these interviews appear to have been charged for in other portions of the account. It would seem that $500 would. be a liberal compensation to counsel for the receiver for the services that he rendered to the receiver detailed in the account for which the sum of $4,000 was allowed.

It also appeared from the statement submitted by the receiver that certain criminal proceedings were taken against one Richard Worth

ington on a charge of perjury committed on a trial of certain claims against the receiver. Worthington appears to have been arrested by the mandate of a magistrate, and the attorney for the receiver claims to be entitled to compensation out of the funds for services rendered in these criminal proceedings. I know of no principle upon which services rendered in a criminal proceeding can be a charge upon the estate in the hands of a receiver. It is no part of the duty of the receiver to institute a criminal proceeding; but it is not apparent how the prosecution of a criminal charge could inure to the benefit of the estate. For these services the attorney for the receiver has charged $250, and we think that amount should be disallowed.

These was also presented to the referee an account by the attorney for the receiver for services rendered, or to be rendered, upon the accounting, for which there was asked the sum of $2,500. By the order of reference, the referee was directed to take proof as to the amount due to counsel for services rendered to the receiver upon the accounting. The evidence presented appears to have been the statement by the attorney for the receiver of the various days he had been engaged in the preparation of the accounts and six days engaged upon the reference. The referee, by his report, reduced the charge for services upon the accounting to $1,500. This method of obtaining an allowance by counsel for his services upon the accounting is unprecedented. The proper method was for the attorney to conduct the proceedings, and then, upon the entry of the final order, apply for and obtain an allowance for his necessary counsel fee upon the accounting.

Upon a consideration of the whole proceeding, we think the amount allowed by the referee for such subsequent proceedings was beyond a reasonable allowance for services upon the accounting. There seems to have been no contest before the referee. The accounts are not long or involved. No objections to them were filed, and the only litigation has been the exceptions filed to the report and this appeal. We think $500 would be ample compensation for counsel to the receiver upon the accounting, and therefore the amount to be awarded to counsel should be reduced from the amount allowed by the referee by the sum of $4,750, and, as thus modified, the order appealed from should be affirmed, with $10 costs and disbursements to the appellant to be paid out of the fund in the hands of the receiver. All concur, except VAN BRUNT, P. J., and O'BRIEN, J., dissenting.

VAN BRUNT, P. J. I dissent. The objections now raised were never urged before the referee, and it is too late to present them for the first time upon the motion for confirmation of his report.

O'BRIEN, J., concurs.