THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* COMMUNITY LIVE POULTRY CORPORATION, Defendant.

*Supreme Court, Kings County, June 15, 1926.*

Corporations — action by Attorney-General to vacate charter — title of receiver, under General Corporation Law, § 232, relates back to date of appointment — application by plaintiff under General Corporation Law, § 233, for order requiring attorney to deliver to receiver books, papers and documents belonging to corporation — attorney has valid lien on books, etc., for services rendered to corporation prior to appointment of receiver.

In an action brought by the Attorney-General under section 131 of the General Corporation Law, to vacate the charter of the defendant corporation, the title of the receiver thereof, under section 232 of the General Corporation Law, upon the filing of the security required by law, relates back to the date of the order of appointment and not to the commencement of the action.

Therefore, on plaintiff's application under section 233 of the General Corporation Law for an order requiring an attorney for the defendant to deliver to the receiver all books, papers and documents in his possession, it is held that the attorney has a valid lien against the property, not only for the work performed by him prior to the commencement of the action for dissolution of the corporation, but for services rendered the corporation in resisting the action brought by the Attorney-General.

MOTION for an order requiring Isidore Neuwirth, the attorney for the defendant prior to the appointment of the receiver, to deliver to the receiver all books, papers and documents in his possession, the property of the defendant corporation, and substituting the attorney for the receiver in his place in all the actions and proceedings now pending to which the defendant is a party.

*R. A. McClelland,* for the receiver.

*J. P. Carroll,* for the respondent.

HAGARTY, J.   The plaintiff moves under section 233 of the General Corporation Law, wherein it is provided that in all cases where receivers have been appointed for corporations, upon application by the Attorney-General, all property belonging to the corporations shall be transferred to the receivers.   Mr. Neuwirth does not object to the substitution of a new attorney, but contends that he has a lien upon the papers in his hands, not only for the work done by him prior to the institution of this action to dissolve the corporation, but for services rendered the defendant in resisting the action brought by the Attorney-General.   By stipulation filed the parties have agreed as to the reasonable value of the services rendered, with the exception of the services in this action to dissolve the corporation.   It is further stipulated that if it be determined that the respondent has an attorney's lien for services rendered in this action the amount be fixed by the court upon this motion.

This action was brought under the procedure prescribed by section 131 of the General Corporation Law to vacate the charter and annul the existence of the corporation.   Section 134 of this law provides for the appointment of a receiver as in the case of a voluntary dissolution proceeding under article 9 of the law as follows:   " The judgment must also provide for the appointment of a receiver, the taking of an account, and the distribution of the property of the corporation, among its creditors and stockholders, as where a corporation is dissolved upon its voluntary application, as prescribed in article nine of this chapter."

Article 9, section 191 (as amd. by Laws of 1916, chap. 53), provides for the appointment of a permanent receiver, and, further, that such receiver shall have all the powers, duties and liabilities of receivers under article 11.   Article 11, section 232 (as amd. by Laws of 1913, chap. 766), provides that such receivers shall, *from the time of their having filed the security required by law,* be vested with all the property of the corporation.   It necessarily follows, by direct reference, that section 232 of the law is made applicable to the present case.   Under this section (232), and similar sections, upon filing the required security, the title of the receiver relates back to the date of the order appointing him, not back to the institution of the action.   (*Matter of Lenox Corp.,* 57 App. Div. 515, 519; affd., 167 N. Y. 623; *Matter of Christian Jensen Co.,* 128 id. 550; *Matter of S. S. T. B. Co.,* 136 id. 169, 173, 174.)

In this case, the order appointing the receiver was not made

until April 30, 1926, and on that day all the services which the attorney performed in the action to annul, and for which he claims a lien, had been performed, his bill for these services running from February 25 to May 1, 1926.

The vesting of title in the receiver on April 30, 1926, did not divest any lienholder of any valid lien theretofore acquired, but the title of the receiver acquired on that date was subject to all valid pre-existing liens. (*Chamberlain* v. *Rochester S. P. V. Co.,* 7 Hun, 557; *Matter of Lewis & Fowler Mfg. Co.,* 89 id. 208; *Gorman* v. *Finn,* 56 App. Div. 155, 158; affd., 171 N. Y. 628; *Matter of Gies Lithographic Co.,* 7 App. Div. 550, 552; *National Park Bank* v. *Clark,* 92 id. 262, 266.) Authorities are to be found for the rule that the provision in the law that a receiver's title relates back to the date of his appointment is not permitted to destroy a valid lien which accrued between the date of his appointment and the date of his giving the required security. (*Matter of Lewis & Fowler Mfg. Co., supra; Wilcox* v. *National Shoe & Leather Bank,* 67 App. Div. 466.)

The decisions cited on behalf of the receiver are not in conflict with the rule laid down in the cases herein cited. It is true that, for the purposes of valuing claims against the assets *in the hands of the receiver,* the date of the institution of the proceeding governs. This is the extent of the holding in *People* v. *Commercial Alliance L. Ins. Co.* (154 N. Y. 95), and is not authority for the contention made by counsel for the receiver. *Matter of Little* (47 App. Div. 22) decides that a charge for services rendered to a corporation in dissolution proceedings is a debt of the corporation and not a charge against the property in the hands of the receiver. In the present case, the attorney is not attempting to enforce a charge against property in the hands of the receiver. He is asserting a valid lien against property that is not and never was in the receiver's possession, and which accrued before the receiver was appointed. *Jackson* v. *American Cigar Box Co.* (141 App. Div. 195) is foreign to the inquiry. In that case, the creditors' right to the leases held as collateral always was subject to be defeated by the payment of the principal or primary debt, and the attorney could have no greater right than his client.

Unless accomplished in some way through the medium of an injunction (§ 134), or by a temporary receivership (§ 182), there is no provision, either under article 7 or article 9 of the General Corporation Law, that prevents the acquisition of a lien at any time before the final order or judgment appointing a receiver. There is no provision in the law preventing, nor can there be read into it any intent to prevent, creditors or others from acquiring a lien before the corporation is adjudged guilty of an offense which

justifies an indictment under article 7, or before an adjudication that the facts justify a dissolution under article 9. The respondent's lien for services in this action to annul was complete prior to the date of the appointment of the receiver and is a valid lien upon the papers, books and documents in his possession. Upon the stipulation, I will determine his lien. Settle order upon notice.