Edward F. McLaughlin, J.
In this proceeding initiated by order to show cause, petitioner O’Hara, O’Hara & Vars, legal counsel for the defendant, Drake Evergreen Park Incorporated, seeks an order directing the duly appointed receiver, John W. Maroney, Esq., of the aforesaid defendant, Drake Evergreen Park Incorporated, to pay from his receiver’s account, legal fees for services rendered by the petitioner to the defendant, Drake Evergreen Park Incorporated. The aforesaid receiver was not named in this motion nor put on notice.
The defendant, Drake Evergreen Park Incorporated, is the owner of a certain mobile home park located in the Town of Schroeppel in Oswego County. In 1974, petitioner, as attorneys for the corporation, commenced two separate legal proceedings in connection with the premises presently involved in this foreclosure action. The first proceeding, initiated on April 9, 1974, sought to have the licensing fee ordinance of the Town of Schroeppel declared unconstitutional. Petitioner was successful and obtained an order from Hon. Donald H. Miller, J.S.C., on June 25, 1976, holding the ordinance to be unconstitutional. Subsequently, an out-of-court settlement was reached by the parties.
In the second proceeding, begun on June 18, 1974, petitioner sought a review of the tax assessment made against Drake Evergreen Park by the Town of Schroeppel. Again, petitioner was ultimately successful, and by orders of the court dated April 26, 1976 and September 10, 1976 (Hon. William Roy, J.), the tax assessment for the year 1974 was reduced. Consequently, a lower assessment for the years 1975 and 1976 resulted, based on the revised 1974 assessment.
On or about June 23, 1975, the plaintiff, Marine Midland Realty Credit Corporation, commenced the above-captioned action to foreclose a mortgage covering real property upon which the mobile home park was located. A receiver in foreclosure was appointed by an order of this court dated August 19, 1975.
In the present application, petitioner asks that it be paid for legal services rendered to the defendant, Drake Evergreen Park Incorporated, in the above-described actions, and that these fees be paid from the receiver’s account.
Petitioner contends that the legal services rendered have *571 enhanced the value of the real property by reducing the annual assessment against the property. It is further argued that these services were continued in good faith after the commencement of plaintiffs foreclosure, with the knowledge, consent and acquiescence of the plaintiff, Marine Midland Realty Credit Corporation, who has obtained the benefit thereof. In effect, petitioner contends that the services rendered were ultimately adopted by the aforesaid plaintiff and that its fees should have priority of payment from the receiver’s account.
The Marine Midland Realty Credit Corporation in opposition to this application contends that there is no allegation that the law firm was retained by the receiver or that the receiver obtained authorization to retain counsel from the court. Also, that the payment of any legal fees out of the receiver’s funds has no foundation in law since both legal actions on which the claims for legal services are based were commenced before the appointment of the receiver and that the law firm was retained, in each case, by Drake Evergreen Park Incorporated, and, therefore, the law firm has the status of a general creditor of that defendant and cannot change its status to lienor or a preferred creditor of the proceeds since this would give them priority over the plaintiff to the said proceeds and also priority over all the other defendants who may have mechanics’ liens or other liens and priorities established by statute. Furthermore, that any payment to the attorneys out of the receiver’s account would reduce the amount of any surplus or increase the amount of any deficiency. It is further contended that the attorneys are making this claim on behalf of themselves, not on behalf of any client they purport to represent and they are not parties to the original action, and, therefore, have no standing to make a request for payment out of the receiver’s funds.
Petitioner’s arguments must fail for several reasons. It is well- settled by statute and case law that a receiver has no power to employ counsel unless expressly so authorized by order of the court. (CPLR 6401, subd [b].) Moreover, where the receiver fails to obtain an order of the court to employ counsel, no compensation may be allowed, even if all parties concerned agreed to an allowance for counsel fees. (Rinaud v Home Shares Corp., 115 NYS2d 425.)
In paragraph "6.” of the order of this court appointing the receiver, it is stated "That if necessary, the said Receiver is *572 hereby authorized to retain legal counsel to assist him in carrying out the directions set forth in this Order.”
In paragraph "4.” of the same order of appointment, it is stated, "That the said Receiver is hereby authorized to institute and maintain all actions, proceedings or procedures necessary for the protection of the said premises or to gain or recover possession of the whole or any part thereof, and to institute and maintain suits and proceedings for the collections of rents now due or hereafter to become due, or to institute and maintain summary proceedings for the possession thereof.”
These paragraphs are not broad enough nor were they intended by the court to authorize the receiver who is an attorney, to obtain counsel for litigation involved in the tax assessment case or in the trailer license fee case in which the petitioning law firm was retained by the defendant, Drake Evergreen Park Incorporated, before the receiver was appointed and before the action for foreclosure was commenced. Neither would the receiver be authorized by these paragraphs to adapt the litigation so as to bind his funds as receiver for payment of any portion of these legal fees which petitioner seeks without being expressly authorized by order of this court pursuant to CPLR 6401 (subd [b]). Furthermore, paragraph "6.” is limited to the provisions of paragraph "4.” of the aforesaid order of appointment and the latter paragraph does not authorize the assumption of obligation for legal fees for protracted litigation of the type involved here, even if the aforesaid litigation were commenced after the appointment of the receiver.
There is no proof before this court that the receiver retained or acquiesced in obligating his funds to payment of such legal fees and, in fact, the receiver was not even on notice in this proceeding and cannot be bound for payment for legal fees in this litigation which the petitioning attorneys seek to enforce, since to do so would make a preferred creditor out of the petitioning law firm without any authority in law.
It is evident to this court that the petitioner was retained by the defendant, Drake Evergreen Park Incorporated, to perform legal services prior to the commencement of the present foreclosure action and prior to the appointment of the receiver by this court. These services were rendered to the defendant corporation and were not services rendered to the receiver for which the funds in the hands of the receiver are *573 primarily chargeable. Whatever obligation the defendant, Drake Evergreen Park Incorporated, had incurred to petitioner for legal services rendered to it as the client of petitioner in proceedings prior to the appointment of the receiver was a debt of the corporation, not a charge against the property in the hands of the receiver. (Matter of Little, 47 App Div 22.) The receiver cannot be compelled to pay the expenses incurred by the corporation in prior proceedings. (Matter of Little, supra.)
Finally, it should be noted that here the petitioner is not seeking to enforce any valid legal lien that it had acquired against its client, Drake Evergreen Park Inc., before the appointment of the receiver. In this regard, see People v Community Live Poultry Corp. (127 Misc 396). Rather, petitioner comes before this court as a general creditor attempting to enforce payment by the receiver for legal services rendered before the institution of the foreclosure action and prior to the appointment of the receiver. To elevate the status of the petitioner to a lienor or preferred creditor would give the petitioner priority over the plaintiff to proceeds of the foreclosure sale, and also priority over the other defendants, such as mechanics’ lienors, whose liens and respective priorities are established by statute. Any payment to petitioner from the receiver’s account would reduce the amount of any surplus or increase any deficiency in the proceeds and thereby reduce the amount of payment to any mechanics’ lienors who have duly perfected their liens pursuant to statute and to the plaintiff, Marine Midland Realty Credit Corporation, in the foreclosure action.
Accordingly, the petitioner’s application for payment of legal fees from the account and funds of the receiver in this proceeding is denied.