**In re SNERGY PROPERTIES, INC., Debtor.**

**Bankruptcy No. 91 B 20718.**

United States Bankruptcy Court, S.D. New York.

·Aug. 23, 1991.

Druckman and Raphan, New York City, for Brian A. Raphan, et al.

Denise L. Savage, Croton-on-Hudson, N.Y., for Brian A. Raphan, et al.

James A. Cartelli, White Plains, N.Y., for debtor.

HEARING ON MOTION FOR AN ORDER DIRECTING DEBTOR AND/OR CADO CAPITAL CORP. TO COMPENSATE BRIAN A. RAPHAN, DRUCKMAN AND RAPHAN, ESQS. AND DENISE L. SAVAGE, ESQ.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Brian A. Raphan, who was appointed by the New York Supreme Court, Westchester County, on August 22, 1990 to act as receiver with respect to the Chapter 11 debtor's real estate in Bronx County, New York, seeks compensation for himself and his attorneys, together with costs and expenses in connection with their services.

The debtor in possession opposes the application on various grounds. The debtor disputes that it owes anything to the mortgagee, Cado Capital Co. ("Cado Capital"), which caused the appointment of the receiver in state court. The debtor disputes that the mortgagee is entitled to collect rents from the mortgaged property with respect to which the receiver was appointed. The debtor also disputes the validity of the mortgage covering the property for which the receiver was appointed. Additionally, the debtor objects to any award for legal fees incurred by the receiver's attorneys on the ground that the receiver was not expressly authorized by the state court to retain attorneys.

### Factual Background

On May 14, 1991, the debtor filed with this court a petition for reorganizational relief under Chapter 11 of the Bankruptcy Code and was continued in management and possession of its property and business in accordance with 11 U.S.C. §§ 1107 and 1108.

The debtor owns two pieces of property. One parcel is in Mount Vernon, New York, and is the home of the debtor's two principals; the other parcel is an income producing building in Bronx, New York, which was purchased from the principals of the mortgagee, Cado Capital. In February of 1990, Cado Capital commenced a mortgage foreclosure action against the debtor in the New York Supreme Court, Westchester County for the sum of $28,000.00. This action was the subject of substantial litigation. During the mortgage foreclosure proceedings, the state court entered an order on August 23, 1990, appointing Brian A. Raphan as receiver of the debtor's building on East 215th Street, Bronx, New York.

After his appointment and qualification, the receiver collected rents from the building in question, made disbursements to maintain the premises, commenced actions against tenants for nonpayment of rent, commenced dispossess proceedings against delinquent tenants and generally dealt with tenants and others in connection with problems pertaining to the maintenance and operation of the Bronx building.

In order to initiate and prosecute the legal proceedings required in connection with rent and eviction problems, the receiver retained the services of the law firm of Druckman and Raphan, Esqs., in which the receiver is a partner. Additionally, upon learning that the debtor filed a Chapter 11 case in the Bankruptcy Court, the receiver and his law firm retained the services of a bankruptcy specialist, Denise L. Savage, Esq., to perform services in connection with the receiver's turnover of the property of the estate to the debtor in possession in accordance with 11 U.S.C. § 543, including the preparation of an application for compensation pursuant to 11 U.S.C. § 543(c)(2).

There is no serious dispute as to the quality or amount claimed for the services performed by the receiver and his attorneys. Based on the amounts collected and disbursed, the receiver seeks compensation for his services based on the formula expressed in section 8004 of the New York Civil Practice Law and Rules, N.Y.Civ. Prac.L. & R. 8004 (McKinney 1981), together with properly incurred costs of $364.00. Druckman and Raphan, Esqs. seek legal fees for their services to the receiver in the sum of $4,141.66. Denise L. Savage, Esq. has applied for an award of $2,135.00 for her legal services for the receiver, plus disbursements of $40.00.

## DISCUSSION

A receiver appointed in a state court mortgage foreclosure action is a "custodian" within the meaning of that term, as expressed in 11 U.S.C. § 101(11)(C). *In re Gomes*, 19 B.R. 9 (Bankr.D.R.I.1982); *In re Left Guard of Madison, Inc.*, 11 B.R. 238 (Bankr. W.D.Wis.1981). Accordingly, a custodian

may receive payment of reasonable compensation for services rendered and costs and expenses incurred pursuant to 11 U.S.C. § 543(c)(2). Moreover, 11 U.S.C. § 503(b)(3)(E) requires such reimbursement be treated as a first priority administrative expense.

The debtor objects to counsel fees claimed by the receiver's attorneys because counsel was not appointed by this court pursuant to 11 U.S.C. §§ 329 and 330. The debtor reasons that it should have been given prior notice of any proposed order authorizing counsel to appear for the debtor. The state court order which appointed the receiver is not clear as to whether or not the receiver was authorized to retain counsel. The order states that the receiver was granted "the usual powers and directions...." The order also provides that the receiver was

authorized to institute and carry on all legal proceedings necessary for the protection of said premises, or to recover possession of the whole or any part thereof, and to institute and prosecute suits for the collection of rents now due or hereafter to become due, and summary proceedings for the removal of any tenant or tenants or other persons therefrom....

Manifestly, legal services must be performed on behalf of the receiver in order to carry out the legal proceedings authorized in the order.

Under New York law, the implied authorization for the receiver to retain counsel, as reflected in the state court order of appointment, would not suffice to support the receiver's retention of counsel. The state court order expressly states that "the Receiver shall comply with Sections 6401–6404 CPLR...." Section 6401(b) of the New York Civil Practice Law and Rules specifically states in relevant part as follows:

A receiver shall have no power to employ counsel unless *expressly* so authorized by order of court. (emphasis added).

N.Y.Civ.Prac.L. & R. 6401(b) (McKinney 1980). In *Marine Midland Realty Credit Corp. v. Drake Evergreen Park Inc.*, 91

Misc.2d 569, 398 N.Y.S.2d 241 (Sup.Ct.Oswego Co.1977), the court refused to allow compensation for counsel fees where a receiver failed to obtain an order of the state court to employ counsel, even though all the parties concerned agreed to an allowance for counsel fees.

 Nevertheless, compensation for the receiver and his counsel must be determined by this court in accordance with the standards established under the Bankruptcy Code and not by conditions imposed under state law. *See In re 1020 Warburton Avenue Realty Corp.*, 127 B.R. 333, 336 (Bankr.S.D.N.Y.1991) (the Supremacy Clause in Art. 1, § 8, cl. 4 regarding bankruptcy proceedings prevails over state statutes relating to inconsistent state procedural matters). Generally, administrative expenses under 11 U.S.C. § 503 are payable only if they are subsequent to the filing of the debtor's bankruptcy petition. *Trustees of Amalgamated Insurance Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986); *In re Balport Construction Co., Inc.*, 123 B.R. 174, 178 (Bankr. S.D.N.Y.1991). However, 11 U.S.C. § 503(b)(3)(E) expressly authorizes compensation for the prepetition services of a custodian or receiver superseded under 11 U.S.C. § 543 and is an exception to the general rule with respect to the allowance of compensation for exclusively postpetition activities as an administrative expense. *In re Hearth & Hinge, Inc.*, 28 B.R. 595, 597 (Bankr.S.D.Ohio 1983). Unlike the requirement in subsection (D) under § 503(b)(3), subsection (E), which governs superseded custodians, does not require that the services of the custodian made "a substantial contribution" in the Chapter 11 case. Moreover, the costs and expenses of a prepetition custodian or receiver superseded under 11 U.S.C. § 543 include the expense of counsel fees incurred by the custodian or receiver, for which prior court approval is not expressed as a prerequisite for allowances. *In re Kenval Marketing Corp.*, 84 B.R. 32, 33–34 (Bankr.E.D.Pa. 1988).

 Since this court did not appoint the receiver, this court would not be in a position to approve the receiver's retention of counsel to act on his behalf. The absence of a state court order authorizing the receiver to retain counsel is not fatal to an award for legal services because 11 U.S.C. § 503(b)(3)(E) does not state that the actual, necessary legal expenses of the superseded custodian or receiver must have been incurred with the prior approval of the state court which appointed the custodian or receiver. The amount of such legal expenses must be determined by this court in accordance with the standard expressed in 11 U.S.C. § 503(b)(4), namely, reasonable compensation "based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney...."

 The fact that the debtor disputes the claim of the mortgagee, Cado Capital, and the validity of the mortgage which was the subject of the state court foreclosure action does not mean that the state court receiver should not be compensated. The receiver was validly appointed by an order of the New York Supreme Court, performed his services and properly incurred expenses in the performance of his duties. There has been no determination that the mortgage is invalid or that the mortgage foreclosure proceeding was not properly commenced in the state court. Accordingly, the receiver is entitled to be compensated in accordance with 11 U.S.C. §§ 543(c)(2) and 503(b)(3)(E).

 That the order appointing the receiver did not expressly authorize the receiver to retain counsel is not conclusive for purposes of compensation under the Bankruptcy Code. The order authorized the receiver in no uncertain terms to commence "all legal proceedings necessary for the protection of said premises," including "suits for the collection of rents" and "summary proceedings for the removal of any tenant" for nonpayment of rent. Manifestly, legal services and counsel were contemplated under the order. The receiver acted in accordance with the terms of the order and retained counsel for these pur-

poses. Additionally, 11 U.S.C. § 543(b)(2) directs the superseded custodian to file an accounting for property and rent that came under the custodian's control. After being superseded, the custodian is entitled to apply to the bankruptcy court pursuant to 11 U.S.C. § 543(c)(2) for reasonable compensation for services rendered and costs and expenses incurred, including legal fees reasonably incurred in connection with the custodian's services. Reasonable compensation for legal services for a superseded custodian is determined in accordance with standards prescribed under the Bankruptcy Code, and "based on the time, nature, the extent and the value of such services, and the cost of comparable services other than in a case under [the Bankruptcy Code]." 11 U.S.C. § 503(b)(4). Moreover, the Bankruptcy Code contemplates that additional legal services will be incurred in preparing the custodian's application for payment in accordance with the standards required under the Code. Hence, instead of having his counsel who were knowledgeable in landlord-tenant law prepare his application for payment, the receiver retained Denise L. Savage, Esq. for this purpose because she specializes in bankruptcy matters. She billed for her bankruptcy services at the same rate as co-counsel Druckman and Raphan, Esqs., but presumably Ms. Savage expended less time in performing her services because of her expertise in bankruptcy proceedings. The debtor's objection that Ms. Savage was not authorized by this court to receive compensation for legal services for the receiver is unpersuasive because neither the receiver nor his counsel were appointed by this court. The receiver is entitled to compensation for properly incurred expenses notwithstanding that there was no previous authorization by this court because 11 U.S.C. §§ 543(c)(2) and 503(b)(3)(E) do not require such prior authorization.

In light of the foregoing, and considering the amount of funds received and distributed by the state court-appointed receiver, Brian A. Raphan is entitled to be compensated in the sum of $1,100.00 for his services, together with out-of-pocket costs of $364.00. The legal expenses which he incurred, as reflected in the application of Druckman & Raphan, Esqs. in the sum of $4,141.66 and Denise L. Savage, Esq. in the sum of $2,135.00 and $40.00 out-of-pocket costs, are allowed as fair and reasonable compensation for their services.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. The state court receiver, Brian A. Raphan, is entitled to compensation as a first priority administrative expense in accordance with 11 U.S.C. §§ 543(c)(2) and 503(b)(3)(E) in the sum of $1,100.00, together with out-of-pocket costs of $364.00.

3. The state court receiver is entitled to be compensated for his legal expenses in accordance with 11 U.S.C. §§ 543(c)(2) and 503(b)(3)(E) in the amount of $4,141.66 for the services of Druckman & Raphan, Esqs. and $2,135.00 for the services of Denise L. Savage, together with costs of $40.00, which legal expenses are fair and reasonable and satisfy the requirements delineated under 11 U.S.C. § 503(b)(4).

SETTLE ORDER in accordance with the foregoing, which shall authorize the receiver to turn over the premises in question and the property of the estate to the debtor in accordance with 11 U.S.C. § 543.